# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| PETER J. RODRIQUEZ and, | ) Case Number 08-45290-705 |
| ELEANOR M. RODRIQUEZ, | ) Chapter 7 |
| Debtors, | ) |
| | ) |
| Peter J. Rodriquez and, | ) |
| Eleanor M. Rodriquez, | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Adv. Proc. No.: 12-04_____ |
| | ) |
| First Community Credit Union, | ) |
| **SERVICE ACCOMPLISHED UPON:** | ) |
| **CERTIFIED MAIL** | ) |
| Glenn D. Barks, | ) |
| President/Chief Executive Officer, | ) |
| 17151 Chesterfield Airport Road, | ) |
| Chesterfield, MO 63005, | ) |
| Defendant, | ) |
| | ) |
| and, | ) |
| | ) |
| Charles W. Riske, | ) |
| 231 S. Bemiston, Suite 1220, | ) |
| St. Louis, MO 63105, | ) |
| Trustee. | ) |

### COMPLAINT AND ADVERSARY PROCEEDING IN BANKRUPTCY REGARDING CREDITOR'S CONTEMPT OF AND TO ENFORCE ORDER DISCHARGING DEBTORS

**COMES NOW** Plaintiffs, individuals, by and through their below-signed attorney of record, and for their Complaint and Adversary Proceeding in multiple counts herein state and aver the following to the Court:

**Preliminary Statement and Parties**

1. Peter J. Rodriquez and Eleanor M. Rodriquez (hereinafter Plaintiffs, or Plaintiff/Debtors, or Debtors) bring this action under 11 U.S.C. § 524(a) and 11 U.S.C. § 1681 *et. seq.*, to obtain actual damages, statutory damages, injunctive relief, declaratory relief, punitive damages and other relief as a result of the Defendant's violations and contempt of Plaintiffs' Discharge Order and other actions.

2. Defendant, First Community Credit Union (hereinafter First Community), repeatedly employed various willful means and actions in attempts to collect a consumer debt (hereinafter Debt) allegedly owed by Plaintiff arising from one or more obligations to First Community, said actions undertaken and employed after Plaintiffs' legal liability on the Debt was duly and fully discharged by operation of 11 U.S.C. § 524(a).

3. First Community also, post-Discharge, reported the Debt to nationwide credit reporting bureaus Equifax Credit Information Services, Inc. (hereinafter Equifax), Experian Information Solutions, Inc. (hereinafter Experian), and TransUnion, L.L.C. (hereinafter TransUnion) even though Plaintiffs' legal liability on the Debt was clearly and conspicuously discharge in the bankruptcy resulting in a number of negative credit notations on Plaintiffs' credit report thereby damaging Plaintiffs.

5. Experian, Equifax, and TransUnion are credit reporting agencies as defined by the FCRA.

**Jurisdiction and Venue**

6. The allegations in paragraphs 1 through 5 of this Complaint and Adversary Proceeding are realleged and incorporated herein by this reference.

7. Original and exclusive jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property and rights of the Debtors in that

case.

8. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

9. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

10. This Court also has federal subject matter jurisdiction that is properly founded upon Section 1331 of Title 28 of the United States Code.

11. This matter is primarily a core proceeding, and, therefore, this Bankruptcy Court has jurisdiction to enter a final Order. However, in the event this case is determined to be a non-core proceeding then, and in that event, the Plaintiff consents to the entry of a final Order by the Bankruptcy Judge.

12. Venue correctly lies in this District pursuant to Section 1391(b)(1) of Title 28 of the United States Code.

13. Neither collateral estoppel nor the Rooker-Feldman Doctrine prevent a Bankruptcy Court from determining whether a State Court's or Agency's actions are in violation of Title 11 of the United States Code.

14. Plaintiffs' FCRA claims arise out of federal law and subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1681 and 28 U.S.C. § 1331.

15. This Court has ancillary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the claims arise out of the same nucleus of operative facts as Plaintiff's federal claims.

16. This Court has personal jurisdiction over all Defendants because all Defendants regularly reside and conduct business within this District. Additionally, all Defendants were duly noticed parties-in-interest in Debtors' underlying Chapter 7 Bankruptcy.

**Factual Allegations**

17. The allegations in paragraphs 1 through 16 of this Complaint and Adversary

Proceeding are realleged and incorporated herein by this reference.

18. Prior to the filing of the underlying 2008 Chapter 7 bankruptcy case, Plaintiffs entered into a contract for a motor vehicle loan with First Community. As part of this financial transaction Plaintiffs granted a consensual title lien to First Community as against their 2004 Nissan Quest VIN #5N1BV28U44N314106.

22. On or about July 17, 2008, Debtors filed the underlying "No asset" Chapter 7 bankruptcy case. At the time the bankruptcy case was filed, Debtors still owed First Community approximately $19,975.00.

23. On or about August 18, 2008, Debtors filed a Motion to Redeem (Docket Entry #9).

24. On or about August 28, 2008, a Reaffirmation Agreement between Debtor and First Community Credit Union was filed (Docket Entry #11).

25. An Order Granting Motion to Redeem was entered on September 11, 2008 (Docket Entry #16).

26. First Community received a copy of the Order Granting Motion to Redeem filed on September 11, 2008.

27. The Order Granting Motion to Redeem entered on September 11, 2008, effectively gave notice of rescission of the Reaffirmation Agreement previously filed on August 28, 2008, to First Community.

28. Debtors timely paid the required amount of $8,050.00 listed in the aforementioned Order as evidenced by the Release of Lien filed by First Community.

29. This Honorable Court entered an Order Discharging Debtor on October 8, 2008 (Docket Entry #18). The bankruptcy case was closed on October 20, 2008.

30. Debtor/Plaintiffs' legal liability for any outstanding deficiency balance or other debt owed by Debtors to Defendants was duly and properly Discharged by operation of their Chapter 7 Bankruptcy.

31. From approximately November 2008 through present Defendant has

continued to harass and attempt to collect the pre-petition debt by making multiple communications with Debtor/Plaintiffs demanding payment.

32. Defendant even went as far as filing suit against Debtors in Warren County, Missouri state court with case number 09BB-AC00198.  Defendant coerced the Plaintiffs into signing a Consent Judgment in the state court case by using the lawsuit as leverage and threatened to pursue all collection activities if Debtors did not sign the Consent Judgment.  Defendant threatened to garnish Debtors wages, bank accounts, and place a lien on any real estate owned by Debtors.

33. Plaintiffs were forced to undertake lengthy, arduous, and time-consuming, actions and activities to try resolve issues such as taking time off of work to meet with attorneys, travel between locations, and attend state court hearings.

34. Since Discharge, Plaintiffs have undertaken great time and expense in dealing with the including attorney's fees, court costs, gasoline for travel, missing pay from employer to take off for different activities related to this debt, and even making payment of the discharged debt to Defendant under threat of garnishment or judicial lien.

35. Debtor/Plaintiffs have experienced multiple issues regarding their well-being as a direct result of Defendant's post-petition improper actions including, but not limited to, increased stress, headaches, anxiety, depressed state of mind and consternation.

### First Cause of Action:  Violations of 11 U.S.C. § 524(a)

36. The allegations in paragraphs 1 through 35 of this Complaint and Adversary Proceeding are realleged and incorporated herein by this reference.

37. During all relevant times herein there was in effect, through this Honorable Court, the Discharge Injunction as set forth by operation of 11 U.S.C. § 524(a). Section 524 of the Bankruptcy Code provides the Debtor with an injunction against collection of debts discharged and thus embodies the

"fresh start" concept of the Code.

38. Herein-named Defendant has long-standing actual knowledge of the Plaintiffs' underlying Chapter 7 Bankruptcy filed in this Honorable Court, and, therefore, herein-named Defendant had actual knowledge of all statutory injunctions against any further creditor or collection actions against the Debtors or property of the Debtors.

39. Defendants have willfully violated and acted in contempt of the Discharge Injunction as set forth by operation of 11 U.S.C. § 524(a) by seeking to collect from the Debtors for a debt discharged by operation of Bankruptcy by commencement of an action to collect or recover from, or offset against, property of the Debtors.

40. In addition, Defendants have willfully violated and acted in contempt of the discharge injunction as set forth by operation of 11 U.S.C. § 524(a) by seeking to collect from the Debtors for a debt discharged by operation of Bankruptcy by continued improper reporting of the Debt to the Credit Reporting Agencies and by making repeated telephonic demands for payment of the Debt as well as filing a state court action against Debtors.

41. The inherent power of the federal courts to punish for contemptuous behavior is well established and this power can reach both conduct before the Court and that beyond the Court's confines. The Court's power to determine that a party is in contempt is based both in 11 U.S.C. §105(a) and in the inherent power of the federal courts to sanction contemptuous conduct.

42. Section 105 of the Bankruptcy Code grants statutory contempt powers in the bankruptcy context, stating, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title". Thus Bankruptcy Courts have independent statutory powers to award monetary and other relief for violations of the discharge injunction to the extent such awards are necessary and appropriate to carry out the provisions of the Code. The purpose of a section 105 contempt sanction is to

compensate the complainant for losses and expenses it incurred because of the contemptuous act, and coerce the contemnor into complying with the Court's Order. Willful violations of the permanent injunction of Section 524(a) create liability for a range of damages and remedies under Sec. 105.

43. The actions of the Defendants have caused the Debtor/Plaintiffs financial hardship and actual economic and non-economic damages including, but not limited to, damage to their current credit worthiness, emotional and physical damages, for which they should be duly and fairly compensated by each Defendant an amount not less than Twenty-Five Thousand Dollars ($25,000.00), plus all costs and fees associated with Plaintiffs' actions in seeking to remedy and rectify the Defendants' improper, contemptuous, and willful post-discharge actions.

44. The actions of the Defendants are so egregious that punitive damages awarded against each Defendant in an amount not less than Seventy-Five Thousand Dollars ($75,000.00) are warranted so as to dissuade the Defendants from future improper conduct of this nature and scope.

**WHEREFORE**, for good cause shown, Plaintiffs pray for the following relief from each Defendant:

a. Statutory and actual damages of an amount not less than Twenty-Five Thousand Dollars ($25,000.00);

b. Punitive damages of an amount not less than Seventy-Five Thousand Dollars ($75,000.00);

c. Costs and reasonable attorney's fees incurred;

d. Injunctive relief; and

e. Any and all other relief this Court deems just and proper in the instant.

## Second Cause of Action:  Violations of 11 U.S.C. § 1681 *et. seq.*
## (The Fair Credit Reporting Act)

45. The allegations in paragraphs 1 through 44 of this Complaint and Adversary Proceeding are realleged and incorporated herein by this reference.

46. Plaintiffs learned that their credit reports issued by the various consumer reporting agencies contained inaccurate information. Upon learning of errors, Plaintiffs lodged disputes with the consumer reporting agencies. Defendants attributed to Plaintiff a derogatory and inaccurate account and rating which did not properly belong to Plaintiff and which should not have been attributed to Plaintiff.

47. In response to Plaintiffs' disputes, the consumer reporting agencies, Equifax Information Services, Inc., f/k/a Equifax Credit Information Services, Inc., Experian Information Solutions, Inc., and Trans Union, LLC and its affiliate bureau, Gulf Coast Credit Services, each and on each such occasion, pursuant to 15 U.S.C. §1681i[a], forwarded to Defendant notification of Plaintiffs' disputes and requested that Defendant conduct a reinvestigation, per 15 U.S.C. §1681s-2.

48. Defendant failed and refused to conduct an investigation of the disputed information and, instead, continued to report false, inaccurate information and attributed same to Plaintiffs.  Defendant reported such information monthly on a regular cycle in accordance with its subscribership with the consumer reporting agencies. Defendants failed and refused to review all relevant information provided by and available through the consumer reporting agencies.

49. Defendant was required to conduct a reasonable, timely and more thorough reinvestigation of the Plaintiffs' disputes and to respond to the consumer reporting agencies to whom it subscribed with truthful, complete and relevant information. Defendant willfully violated the mandates of 15 U.S.C. 1681s-2[b] and Plaintiffs have suffered damages as a result of those violations. Alternatively, Defendant negligently violated the mandates of

section 1681s-2[b].

50. Defendant likewise violated the mandates of section 1681s-2[a] and such violations form the basis of a negligence per se claim and an intentional tort, per se. Defendant knew or should have known or consciously avoided knowing that the information it had repeatedly reported about Plaintiffs was false and improperly attributed to Plaintiffs. Defendants were further notified by Plaintiffs of the errors and their disputes, yet Defendants failed to report such information as disputed to the consumer reporting agencies.

51. Said information was negative and damaging to Plaintiffs. Plaintiffs have sustained credit denials repeatedly. The publication of false consumer reports is evidenced in the inquiry section of the respective credit reports issued about Plaintiffs.

52. Defendant is a "user" of credit information and "furnisher" of credit information as discussed in the Fair Credit Reporting Act. Defendant recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiffs with reckless disregard for the truth of the matters reported. Defendant's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiffs and caused humiliation, and emotional distress and mental anguish.

53. Defendant was notified of its false reportings however Defendant continued to issue and/or publish report(s) to various consumer reporting agencies which contained erroneous, inaccurate and false information about the Plaintiffs. Defendant also breached its various and multiple agreements and contracts with the consumer reporting agencies [and/or their affiliates], to whom it subscribed, by continuously reporting false credit information about plaintiff. Defendant was aware that its reportings and activities would [and will] damage Plaintiffs and their ability to enjoy life and utilize the credit rating and reputation property rights they secured by honoring their obligations to their creditors.

54. The consumer reporting agencies maintain subscriber contracts and relationships with Defendant, under which the Defendant is allowed to report credit data and have same placed in the credit reporting files and records of those entities so that such data may be further reported to any and all of the thousands of subscribing entities and persons. Under the subscriber contract the Defendant owes a number of duties, including the duty to report truthful and accurate information about its customers and other consumers, including Plaintiffs.

55. Defendant owed duties of reasonable care to Plaintiffs. Defendant failed to exercise reasonable care and prudence in each reporting and re-reporting, the handling and reinvestigation of data about Plaintiffs, all made the subject of this lawsuit, and consequently caused damage to Plaintiffs.

56. Defendant negligently impaired Plaintiffs' credit rating and property rights in their credit reputation. Alternatively, Defendant has, with willful intent to injure or maliciously, damaged Plaintiffs' property rights in their credit reports and reputation and standing in the community.

57. Defendant is liable unto each Plaintiff for all actual, statutory, and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE**, for good cause shown, Plaintiffs pray for the following relief from Defendant:

a. Statutory damages of a reasonable amount;

  b. Actual damages of a reasonable amount to compensate Plaintiffs;

  c. Punitive damages of an amount such as to deter Defendant from like future actions;

  d. Costs and reasonable attorney's fees incurred;

  e. Injunctive relief; and

  f. Any and all other relief this Court deems just and proper in the instant.

### DEBT RELIEF LAW CENTER OF MISSOURI

Respectfully submitted,

Kespohl, McCrary, & Cornejo, LLC

May 8, 2012

/s/ Robert W. Cornejo
Robert W. Cornejo #60698MO
423 Woodlawn Avenue
O'Fallon, MO 63366
Telephone: (636) 288-9401
Facsimile: (888) 739-1731
drlcmo@gmail.com
ATTORNEY FOR PLAINTIFFS