UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In Re: PETER J. RODRIQUEZ   )
ELEANOR M. RODRIQUEZ   )
             )
   Debtors/Plaintiffs   )  Case No. 08-45290-705
             )
             )  Adversary No. 12-04138-705
             )
FIRST COMMUNITY CREDIT UNION )
             )
   Defendant    )

MEMORANDUM IN SUPPORTOF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

COMES NOW, First Community Credit Union, Defendant herein (hereinafter "FCCU")
and files this Memorandum in Support of Motion for Summary Judgment pursuant to Rule 56 of
the Federal Rules of Civil Procedure as made applicable to these proceedings by virtue of Rule
7056 of the Federal Rules of Bankruptcy Procedure.

PRELIMINARY STATEMENT

Through this Adversary Proceeding, Plaintiffs Peter and Eleanor Rodriquez (hereinafter
"Debtors") have requested this Court find that Defendant has violated 11 U.S.C. §524(a)
(Discharge Injunction) and 11 U.S.C. §1681 et. seq. (The Fair Credit Reporting Act.)  Debtors
assert that the debt to FCCU was discharged by operation of their Chapter 7 Bankruptcy despite
having entered into a Reaffirmation Agreement with FCCU.  Debtors further assert that the filing

of a Motion to Redeem the vehicle that was the subject of the Reaffirmation Agreement, and the

granting of an Order thereon, was sufficient to effectively rescind the Reaffirmation Agreement.


<u>ARGUMENT</u>


Summary judgment is appropriate when there is no issue of material fact in dispute and

the Movant is entitled to judgment as a matter of law.  Fed.R.Civ.P 56(c).  "Summary judgment

procedure is properly regarded not as a disfavored procedure or short cut, but rather an integral

part of the Federal Rules as a whole, which are designed to secure the just, speedy, and

inexpensive determination of every action." <u>Celotex Corp. v Catrett</u>, 477 U.S. 327 (1989) The

Court's proper inquiry is whether there is a need for trial due to the existence of any genuine and

material issues of fact.  If not, summary judgment is appropriate.

In the case at bar, neither of the parties dispute any of the facts herein and the only matter

to be decided by the Court is a question of law – that is, whether the entry of an Order granting a

Motion to Redeem and payment of the agreed upon sum of money, without anything further, is

sufficient notice that a previously executed and filed Reaffirmation Agreement has been

rescinded.

"A reaffirmation agreement is a contract that establishes a new repayment obligation, and

the law governing such contracts is the applicable nonbankruptcy law." <u>In re Graham</u>, 430 B.R.

473, 477 (Bankr.E.D.Tenn. 2010) citing <u>In re Ollie</u>, 207 B.R. 586 (Bankr.W.D.Tenn. 1997) See

also <u>In re Kahn</u>, 406 B.R. 269 (Bankr.E.D.Pa.209) ("An enforceable reaffirmation agreement is a

new contract to which conventional contract principles apply, construed in accordance with

relevant state law.") <u>Graham</u>, at 477.  In the case at hand, therefore, the question of whether the

Motion to Redeem was sufficient notice that the Reaffirmation Agreement was rescinded is a question of contract interpretation under Missouri law.

In Missouri, a party repudiates a contract by manifesting a positive intention not to perform. Gateway Aviation, Inc. v Cessna Aircraft Co., 577 S.W.2d 860, 862 (Mo.App. 1978), citing Landau v St. Louis Public Service Co., 364 Mo. 134, 273 S.W.255, 258 (Mo..banc 1954) This manifestation may be by words or by conduct.  Gateway Aviation, at 862.  In the case at bar, there is no indication in the Statement of Uncontroverted Fact,  Debtors' pleadings, nor in FCCU's records, that Debtors ever contacted FCCU verbally or in writing to advise that they were going to rescind the Reaffirmation Agreement.  Debtors merely had to call FCCU and state "we rescind the reaffirmation agreement" or to send a one-line letter stating "we rescind the reaffirmation agreement," yet they never did.

Conduct alone can constitute repudiation.  Mar-Kay Plastics v Alco Standard Corp., 825 S.W.2d. 381, 384 (Mo.App. 1992)   But, that conduct must manifest a positive intention not to perform.  Vulgamott v Perry, 154 S.W.3d 382, 392 (Mo.App. 2004).  In the instant case, Debtors would have the Court find that the filing of a Motion to Redeem is sufficient conduct to find a repudiation of the parties' original agreement.   "A notice of rescission must be clear and unambiguous, conveying an unquestionable purpose to terminate the contract. Where from the conduct of the one having the right to rescind, it is not clear whether he has rescinded the contract or not, he will be deemed not to have done so."  Bagwell v Susman, 165 F.2d. 412, 415 (6th Cir. 1947), quoting Tinius Olsen Testing Machine Co. v Wolf Co., 297 Pa. 153, 146 A. 541, 543, 72 A.L.R. 718.

It is not for the creditor to infer Debtor's intentions or motives.  However, the Court's initial inquiry may be "Why would FCCU assume that Debtors did not intend to rescind their

reaffirmation agreement after payment of the redemption funds?"  First, monthly payments on a reaffirmed debt can help a Debtor reestablish his good credit standing after the bankruptcy discharge.   Additionally, it is standard credit union policy that anyone who causes a loss to the credit union may no longer be a member of the credit union.  Continuing to make payments on a reaffirmed the debt enables a debtor to keep his membership active.

Given the absolute ease with which Debtors could have unequivocally advised FCCU of their intentions, their failure to do so, along with Debtors' course of conduct after the redemption clearly shows that they acknowledged that the reaffirmation agreement had not been rescinded. FCCU concedes that after the redemption funds were paid to FCCU, Debtors did not pay on the reaffirmation agreement.   But, in March 2009 after FCCU filed suit to enforce the terms of the reaffirmation agreement, Debtors' then-counsel filed a motion to reopen the Chapter 7 case with the stated purpose of determining whether the debt owed to FCCU was discharged.  The motion to reopen stated that "Debtors failed to rescind the reaffirmation agreement ...."   In May 2009, with the advice of counsel, Debtors signed a consent judgment with FCCU in resolution of the civil suit.  On May 26, 2009, Debtors withdrew their motion to reopen the Chapter 7 case, apparently deciding that the reaffirmation agreement was valid and had not been rescinded.  To date, Debtors continue to make payments pursuant to the Consent Judgment.


## CONCLUSION


Based on the foregoing,   FCCU is entitled to an Order finding that the reaffirmation agreement filed by Debtors was not rescinded, that the debt to FCCU has not been discharged and, that FCCU  has not violated 11 U.S.C. §524(a) (Discharge Injunction) nor 11 U.S.C. §1681

et. seq. (The Fair Credit Reporting Act) .  FCCU seeks an order dismissing Debtors' adversary complaint and such other and further relief as is just and proper.

Respectfully Submitted,

> SOMMARS & ASSOCIATES, L.L.C.
> By: /s/ Donna M. Sommars
> Donna M. Sommars  MO #34043
> Pamela B. Leonard MO #37027
> Attorney for First Community Credit Union
> 911 Washington Ave., Ste. 415
> St. Louis, MO  63101
> 314/241-5500; fax 314/241-5507
> donna@sommars.net

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served either electronically or via U.S. Mail on December 21, 2012 to Robert W. Cornejo, Attorney for Plaintiffs, 423 Woodlawn Avenue, O'Fallon, MO  63366.

/s/ Donna M. Sommars